GARY M. RESTAINO
United States Attorney
District of Arizona
RYAN J. ELLERSICK
GORDON E. DAVENPORT III
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: ryan.ellersick3@usdoj.gov
Attorneys for Plaintiff

☒ FILED ☐ LODGED

**Apr 22 2022**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 22-824-TUC-RCC-LAB |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| Felipe Fuentes, | |
| Defendant. | |

The United States of America and the defendant, Felipe Fuentes, agree to the following disposition of this matter:

### PLEA

### ELEMENTS OF THE OFFENSE

1. The defendant will plead guilty to Count One of the Information, which charges Conspiracy to commit Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 371, 1343, and 1346.

2. The defendant understands the elements of the offense of Conspiracy to commit Honest Services Wire Fraud to which Defendant is pleading guilty are as follows:

   a. There was an agreement between two or more persons to commit the offense of Honest Services Wire Fraud;

   b. The defendant became a member of the conspiracy knowing of its

*United States v. Fuentes*
Page 1

object and intending to help accomplish it; and

        c.    one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

### TERMS

3.    The defendant understands that this guilty plea is conditioned upon the following terms, stipulations, and requirements.

### Maximum Penalties

4.    The defendant understands that the maximum penalty for Count One of the Information, Conspiracy to commit Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 371, 1343, and 1346, is a fine of up to $250,000, a term of not more than five (5) years imprisonment, or both, and a period of not more than three (3) years of supervised release.

5.    Pursuant to the United States Sentencing Guidelines ("U.S.S.G" or "Guidelines") issued pursuant to the Sentencing Reform Act of 1984, the Court shall:

        a.    order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611 and Section 5E1.2(f) of the Guidelines, the defendant establishes the applicability of the exceptions found therein;

        b.    order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663A and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case.

6.    Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100.00 for each offense to which the defendant is pleading guilty. The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

7.    The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. The defendant agrees that he has discussed this eventuality with his attorney. The defendant nevertheless affirms that he

wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

## Sentencing Guidelines

8.  The government and the defendant agree that the advisory Guideline calculations will be determined by the Court at the time of sentencing. Based on the information now available to the government, the parties agree that the defendant's total offense level will be <u>at least 21</u>, calculated as follows:

| | |
|---|---|
| Base Offense Level (§ 2C1.1(a)(1)) | 14 |
| More than One Bribe (§ 2C1.1(b)(1)) | +2 |
| Value of Payment or Benefit Received (§ 2C1.1(b)(2)) | +4* |
| Elected Public Official (§ 2C1.1(b)(3)) | +4 |
| Acceptance of Responsibility (§ 3E1.1) | -3 |
| Total Offense Level | 21 |

*Value of payment or benefit received, and total offense level, may be higher at time of sentencing*

9.  The defendant understands that his total offense level may be higher as a result of additional information learned prior to sentencing concerning the value of payments or the benefits received or to be received under U.S.S.G. § 2C1.1(b)(2). In the event the defendant's total offense level is higher than 21 as determined by the Court at the time of sentencing, the defendant will not be permitted to withdraw from this plea agreement. Further, the defendant understands that the Guidelines are advisory and non-binding, and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence.

10. The defendant understands that the Court is neither a party to nor bound by this agreement and the Court has complete discretion to impose the maximum sentence possible for the crimes to which the Defendant is pleading guilty. If the Court imposes a sentence greater than the statutory maximum penalties or otherwise rejects the plea agreement, the defendant may withdraw defendant's guilty plea as authorized by Fed. R. Crim. P. 11(d)(2)(A). The defendant understands that the defendant may not withdraw

from this plea agreement if the Court accepts the agreement and sentences the defendant within the statutory maximum penalties.

11. The defendant may argue for a variance under 18 U.S.C. § 3553(a) or a departure under the Guidelines in support of a sentence request below the advisory guideline range as determined by the Probation Office and the Court at sentencing, and the government may oppose the requested variance or departure. The government, however, will not withdraw from the agreement if the defendant argues for, and the Court grants, a variance or departure below the advisory guideline range.

12. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

## Assets and Financial Responsibility

13. The defendant shall (i) make a full accounting of all assets, including real and personal property in which the defendant has any legal or equitable interest; (ii) permit the U.S. Attorney's office to immediately obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligation that is or might be imposed by the Court; (iii) make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose; (iv) cooperate fully with the government and the Probation Officer to execute such documentation as may be necessary to secure assets to be applied to restitution owed by the defendant. The defendant agrees to permit the Probation Officer to provide to the U.S. Attorney's office copies of any and all financial information provided by the defendant to the U.S. Probation Office; and (v) not (and shall not aid and abet any other party to) sell, hide, waste, spend, destroy, transfer or otherwise devalue any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).

### Plea Addendum

14. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### Waiver of Defenses and Appeal Rights

15. The defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant provided the sentence is consistent with this agreement. The sentence imposed is consistent with the terms of this agreement if the defendant receives a sentence within the statutory maximum penalties. The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon the defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack the defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

*United States v. Fuentes*
Page 5

### Reinstitution of Prosecution

16. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. The defendant understands that any statements made at the time of the change of plea or sentencing may be used against Defendant in any subsequent hearing.

### Disclosure of Information to U.S. Probation Office

17. Defendant understands the United States' obligation to provide all information in its file regarding Defendant to the United States Probation Department.

18. Defendant will cooperate fully with the United States Probation Department. Such cooperation will include truthful statements in response to any questions posed by the Probation Department, including, but not limited to (1) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (2) all financial information, e.g., present financial assets or liabilities that relate to the ability of Defendant to pay a fine or restitution; (3) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (4) all history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

### Effect on Forfeiture Proceedings

19. Nothing in this agreement shall be construed to protect Defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

20. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

*United States v. Fuentes*
Page 6

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights as follows: to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; to a restitution schedule set by the Court for payment of restitution during any period of incarceration; to further discovery or disclosures of information not already provided at the time this plea agreement is executed; and to appeal or file any other challenge to my conviction or sentence.

I also knowingly and voluntarily waive the rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and acknowledge that this plea and any related statements by me may be used against me in the event my guilty plea is withdrawn or otherwise vacated.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge(s) to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my

probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement and any addendum, if any, contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## Factual Basis

I further agree that the following facts accurately describe some of my conduct in connection with the offenses to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

> From at least 2007, and continuing through October 2019, in the District of Arizona and elsewhere, the defendant, FELIPE FUENTES, conspired with Person A and Person B to devise a scheme to defraud and to deprive Santa Cruz County and the citizens of Santa Cruz County of their intangible right to the honest services of FUENTES, the elected Santa Cruz County Assessor, through bribery.
>
> As part of the conspiracy, FUENTES solicited and accepted things of value from Person A and Person B (acting as an agent for Person A) through a stream of benefits in exchange for his performance and agreement to perform official acts benefiting Person A and his various business entities as specific opportunities arose. For example, over the course of the conspiracy, FUENTES accepted approximately $20,000 in cash payments from Person A and Person B (acting as an agent for Person A) on numerous separate occasions. In addition, over a period of many years, FUENTES enjoyed free use of a 17-acre ranch parcel in Santa Cruz County owned, in part, by one of Person A's business entities.

In exchange for this stream of benefits, FUENTES agreed to perform and did perform a variety of official acts benefiting Person A and his business entities as specific opportunities arose. For example, at the request of Person A and/or his agents, FUENTES reduced property-tax valuations for properties owned by Person A and/or his business entities, in order to lessen Person A's tax liability in connection with those properties. In or about 2018, for instance, FUENTES reduced the property valuation of a large concrete parcel owned by one of Person A's business entities from approximately $2 million to approximately $1.4 million. As another example, in or about 2019, FUENTES reduced the property valuation of numerous undeveloped townhome lots controlled by Person A from approximately $14,000 per lot to approximately $2,500 per lot.

In addition to altering property-tax valuations, FUENTES used the power of his elected office to perform and agree to perform other actions in his official capacity to benefit Person A. For example, FUENTES routinely provided Person A with language to include in petitions appealing property-tax valuations so Person A's appeals would be successful. FUENTES also contacted other local government officials on Person A's behalf to facilitate approvals on a variety of projects.

In furtherance of the conspiracy and to accomplish its object, on or about June 21, 2019, in the District of Arizona, Person B called FUENTES on behalf of Person A to inquire about increasing the property valuation for a parcel of land owned by Person A and/or one of his business entities. The purpose of the increase in valuation was to artificially inflate the parcel's sale price in connection with an imminent sale of the property to the State of Arizona for a highway-widening project. During the call, FUENTES agreed to write a letter in his capacity as County Assessor setting forth an inflated valuation for the parcel. Also during the call, and in exchange for his agreement to perform an official act, FUENTES solicited assistance from Person A to finance a personal trip to Minnesota to attend a college graduation ceremony. Person B stated that he would relay FUENTES's request to Person A.

//

//

//

//

*United States v. Fuentes*
Page 9

On or about June 24, 2019, Person B communicated to FUENTES via an interstate telephone conversation that Person A had granted FUENTES's request. On or about June 28, 2019, FUENTES and Person B met in person, where Person B provided FUENTES with $1,500 cash from Person A. In addition, shortly before FUENTES left on his trip to Minnesota in August 2019, FUENTES and Person A had a separate in-person meeting where Person A provided FUENTES with approximately $1,000 in cash concealed in a folded newspaper.

April 21, 2022
Date

s/ *James D. Smith for*
FELIPE FUENTES
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, the consequences of the guilty plea (including the maximum statutory sentence possible), and that the defendant is waiving the right to appeal or otherwise challenge the conviction and sentence. I have discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations that are not contained in this written agreement have been given to me or to the defendant by the United States or any of its representatives. I have concluded that the entry of the plea as indicated above on the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

_____
Date

James D. Smith
Digitally signed by James D. Smith
Date: 2022.04.21 15:34:08 -07'00'

JAMES SMITH, ESQ.
Attorney for Defendant

*United States v. Fuentes*
Page 10

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

*Digitally signed by RYAN ELLERSICK*
*Date: 2022.04.21 15:00:10 -07'00'*

_____                    _____
Date                           RYAN J. ELLERSICK
                               GORDON E. DAVENPORT, III
                               Assistant U.S. Attorneys

*United States v. Fuentes*
Page 11